UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FRANK BAILEY                    *         CIVIL ACTION

VERSUS                          *         NO: 06-0014

SHERIFF HARRY LEE, ET AL        *         SECTION: "D"(4)

                          **ORDER AND REASONS**

    Before the court is the **"Motion for Summary Judgment" (Doc. No. 35)** filed by Defendants, Harry Lee and Glen Jambon. Plaintiff, Frank Bailey, filed a memorandum in opposition.[1]  The motion, set for hearing on Wednesday, October 24, 2007, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules as follows.

---

[1] The court notes that Plaintiff's opposition memorandum was due on Tuesday, October 16, 2007, but Plaintiff did not file his opposition memorandum until Tuesday, October 23, 2007, the day before the scheduled hearing date of October 24, 2007.  Plaintiff is instructed to comply with cut-off dates set forth by the Local Rules or other orders of this court, or face possible adverse consequences.

    Further Plaintiff did not file "a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried," in contravention of Local Rule 56.2E.  Plaintiff is instructed to file a "Statement of **Contested** Material Facts" with future filings of oppositions to motions for summary judgment, or the moving party's "Statement of **Uncontested** Material Facts" will be deemed admitted pursuant to Local Rule 56.2E.

In this matter, Plaintiff alleges that on or about December 31, 2004, while he was in custody at the Jefferson Parish Correctional Center, he "slipped and fell in spilled water seeping from an over running clogged toilet and sink on [tier 3BL of the Jefferson Parish Correctional Center]."  (Complaint at ¶15). Plaintiff seeks damages from this alleged incident, claiming that Defendants are liable under 42 U.S.C. §1983, and Louisiana state law for negligence and/or gross negligence.

Based on the summary judgment evidence (or lack thereof) submitted by the parties, the court finds that there is no competent evidence to support Plaintiff's *Monell* claims, and thus Defendants are entitled to summary judgment dismissal of these claims.  However, with regard to Plaintiff's claims that there was deliberate indifference to his serious medical needs, the court finds that Plaintiff's deposition testimony (in the absence of Plaintiff's medical records and/or affidavits from medical personnel involved in the subject medical care of Plaintiff), raises genuine issues of material fact.

In addition to attaching Plaintiff's deposition testimony to their Motion for Summary Judgment, Defendants attached Plaintiff's Responses to Interrogatories and Responses to Requests for Production fo Records.  Defendants' "Request for Production No. 2" requests "[a]ll medical reports, charts, x-rays, x-ray reports and

2

other medical information pertaining to the injuries which you have claimed to have sustained in this lawsuit." Plaintiff's response is "[s]ee attached." However, no medical-related documents are attached to the responses, which have been provided to the court as one of Defendants' summary judgment exhibits.

Accordingly;

**IT IS ORDERED** that Defendants' **"Motion for Summary Judgment"** is **GRANTED IN PART**, dismissing Plaintiff's *Monell* claims; however, with regard to Plaintiff's §1983 claims of deliberate indifference to his medical needs, the court **DENIES** Defendants' **"Motion for Summary Judgment"** at this juncture.

The **Pre-Trial Conference** in this matter is set for Wednesday, December 5, 2007 at 11:00 a.m., and **Trial** is set for the week of Monday, January 7, 2008. The court will reconsider Defendants' **"Motion for Summary Judgment"** on Plaintiff's §1983 claims of deliberate indifference to his medical needs, if Defendants provide the court a copy of Plaintiff's medical records and/or affidavits from medical personnel involved in the subject medical care of Plaintiff, <u>with</u> the filing of a **"Second Motion for Summary Judgment" by <u>Tuesday, November 6, 2007</u> and a Notice of Hearing for**

**Wednesday, November 21, 2007.**[2]

New Orleans, Louisiana, this **29th** day of **October**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[2] The court emphasizes that such a filing will not guarantee a ruling in Defendants' favor. "Medical records of sick calls, examinations, diagnoses, and medications *may* rebut an inmate's allegations of deliberate indifference." *Banuelos v. H. McFarland*, 41 F.3d 232 (5th Cir. 1995)(citation omitted, italics added). However, if there is a genuine issue of material fact regarding whether defendants acted or failed to act despite their knowledge of a substantial risk of serious harm, defendants would not be entitled to summary judgment. *Farmer v. Brennan*, 511 U.S. 825, 114.Ct. 1970, 128 L.Ed.2d 811 (1981).