UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK BAILEY | CIVIL ACTION |
| VERSUS | NO. 06-0014 |
| SHERIFF HARRY LEE, ET AL | SECTION "D"(4) |

**<u>MEMORANDUM IN SUPPORT OF
SECOND MOTION FOR SUMMARY JUDGMENT</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Sheriff Harry Lee and Warden Glen Jambon, respectfully submit this Memorandum in compliance with the Court's order of October 29, 2007 (R. Doc. 39) and with the following additional exhibits supplementing those previously submitted with their first motion for summary judgment:

(1) Affidavits of JPSO deputies Stephen Killett and Calvin Leblanc dated November 5, 2007, with attachments, regarding their involvement in providing the plaintiff with medical care by transporting him to Charity Hospital;

(2) Medical records of Jefferson Community Correctional Center (JCCC) Medical Program (5 pages) entitled "Patient Profile/Problem List," containing a detailed history of medications and medical treatment provided to inmate Frank Bailey from March 21, 2003 through September 7, 2005.

# I. STATEMENT OF THE CASE AND STANDARDS FOR GRANTING SUMMARY JUDGMENT.

Defendants hereby adopt the Statement of the Case and Standards For Granting Summary Judgment set forth in their first Memorandum In Support of Summary Judgment.

# II. THE EVIDENCE IN THE RECORD PLAINLY REFUTES THE PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS.

Defendants have previously submitted the plaintiff's deposition transcript (Exhibit D-1) and responses to discovery (Exhibit D-2), in support of their first motion for summary judgment, and now submit supplemental medical records of the plaintiff as Exhibit D-3 and affidavits of Sheriff's deputies Stephen Killett and Calvin Leblanc as Exhibits D-4 and D-5.

As shown by the affidavits, the only involvement of the Sheriff's Office in the plaintiff's medical care was in transporting him to and from Charity Hospital. Further, the plaintiff's medical records of treatment provided by the JPCC Medical Program[1] show a history of extensive medical care sought and received by this plaintiff over a two-year period as an inmate at JPCC. These records (Exhibit D-3, 5 pgs.) contain entries regarding medications provided to the inmate (pp. 1-2) and entries regarding problems reported and treatment provided (pp. 2-5), covering the period from 3/21/03 (first entry under Problems, p. 2) to 9/7/05 (last entry, p. 5).

This listing includes more than thirty physician sick calls as well as extensive treatment including psychological evaluations, orthopedic exams, and a long list of medications provided to Mr. Bailey over this period of time, for a variety of complaints. These entries include treatment of back pain, chronic pain, depression, insomnia, rotator cuff injury and shoulder pain,

---

[1] Operated by the Parish of Jefferson by contract with the Sheriff's Office.

as well as a trip to the ER for a clavicle fracture on 1/25/05, with follow-up orthopedic treatment (pp. 4-5). The two affidavits submitted by defendants (Exhibits D-4 and D-5) confirm that event.[2]

Defendants submit that this evidence, as well as the testimony of the plaintiff himself at his deposition, abundantly refutes any suggestion that Mr. Bailey's serious medical needs were ignored or treated with callous disregard while he was an inmate at JPCC. The record evidence also demonstrates the total lack of a factual basis for an essential element of the plaintiff's constitutional claim based on inadequate medical care, i.e., proof that prison personnel deliberately chose not to obtain medical care for him despite subjective knowledge that some substantial harm was likely to result. See, e.g., *Sibley v Lemaire*, 184 F. 3d 481, 490, fn. 7 (5th Cir. 1999) (noting the difference between negligence and deliberate indifference), citing *Hare v City of Corinth, Miss.*, 74 F. 3d 633, 645 (5th Cir. 1996).

The cases cited by the plaintiff in his memorandum opposing defendants' first motion for summary judgment all reiterate the stringent, mandatory requirement to show evidence of *subjective deliberate indifference* to an inmate's serious medical needs (as opposed to mere negligence or gross negligence) in order to prevail on a federal claim based on violation of the 8th and 14th Amendments. None of those cases provides authority to deny summary judgment in a case like this, where neither of the named individual defendants was personally involved in the plaintiff's medical care. Compare, e.g., *Berthelot v Stadler,* #99-2009D (E.D. La. 1/25/2001), where the plaintiff failed to receive a needed prosthetic device for seven months, and then only after he wrote to two U.S. Congressmen. In considering whether to grant summary judgment to individual defendants on the basis of qualified immunity, the court noted that although

---

[2] It appears the plaintiff's complaint was mistaken as to dates, and it was January 25, not January 5, when he was taken to Charity Hospital for x-rays and other orthopedic evaluation, after an accident which had occurred five days earlier, on January 21, not on December 31, 2004.

supervisory officials may not be held vicariously liable for acts of subordinates, they may be held liable if they were personally involved in the alleged constitutional deprivation. In that case, the court denied summary judgment as to two supervisory officials who did have "direct personal participation in the plaintiff's case." Id. at p. 6, holding that there existed genuine issues of material disputed fact as to whether their actions and inactions were objectively reasonable.

By contrast, defendants Sheriff Harry Lee and Warden Glenn Jambon were not personally involved at all in the incidents giving rise to this lawsuit.

### III. THE PLAINTIFF HAS FAILED TO SPECIFY ANY FACTUAL INFORMATION AS TO WHAT THESE DEFENDANTS DID OR FAILED TO DO IN ATTENDING TO HIS SERIOUS MEDICAL NEEDS, SO AS TO ESTABLISH A GENUINE ISSUE OF MATERIAL DISPUTED FACT PRECLUDING SUMMARY JUDGMENT.

In his opposition, plaintiff Bailey has relied on nothing but the allegations of his complaint alone, but claims that the defendants have not met their burden to show that there are no material issues of fact requiring a trial. This argument ignores the burden of the plaintiff to produce evidence showing material disputed facts in response to a motion for summary judgment, as to issues on which he will bear the burden of proof at trial. Compare *Berthelot,* supra, at p. 3, fn. 8. Under Fifth Circuit standards for summary judgment motions, defendants have met their burden by pointing to the plaintiff's lack of evidence to support the essential elements of his cause of action. Although this Court has denied defendants' earlier motion to dismiss the plaintiff's case under Rule 12(b)(6), the plaintiff is not entitled to call for denial of this motion as well, on the basis of pleadings alone. In *Reese v Anderson,* 926 F. 2d 494 (5th Cir. 1991), the Fifth Circuit criticized the district court's reasoning in this regard, and observed that "no matter how similar the two motions may have appeared, the evidentiary burden on the non-movant in a summary judgment motion is significantly greater than in a motion to dismiss." Id.

at 498-99, citing *Celotex Corp. v Catrett,* 477 U.S. 317, 322-324, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986).  Defendants suggest that in this case, as in *Reese,* the plaintiff has utterly failed altogether to meet this burden.

## CONCLUSION

Plaintiff Bailey has produced no evidence to support a claim of subjective deliberate indifference to his serious medical needs by prison personnel. Further, the record evidence shows that neither of the governmental officials he has sued was personally involved in allegedly denying him constitutionally adequate prison conditions or medical care. Therefore, these defendants are entitled to judgment as a matter of law, dismissing the plaintiff's federal claims against them brought under 42 U.S.C. § 1983.

The plaintiff has argued that "[t]he only facts before the Court are those of the complainant showing indifference by the Prison." Opp. Mem. at p. 7. Defendants dispute this statement. The plaintiff has not brought any facts before this Court, only allegations.  He has not presented any factual evidence at all, not even his own affidavit, nor has he submitted a list of material contested facts.  Defendants submit that plaintiff Bailey cannot survive summary judgment without something more than his own self-serving declarations to support his federal civil rights claim, i.e., that these defendants' deliberate indifference to his serious medical needs caused him to be subjected to cruel and unusual punishment, in violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.  Defendants urge this Court to grant their motion and dismiss the plaintiff's claims on summary judgment, with prejudice and at his cost.

        **Respectfully submitted,**

        */s/ Franz L. Zibilich*
        **DANIEL R. MARTINY (9012)**
        **FRANZ L. ZIBILICH (14914)**
        **Attorneys for Defendants, Sheriff Harry Lee and Glen Jambon**
        **MARTINY & ASSOCIATES, LLC**
        **131 Airline Drive - Suite 201**
        **Metairie, Louisiana 70001**
        **Telephone: (504) 834-7676**
        **Facsimile:  (504) 834-5409**
        **E-Mail Address: fzibilich@bellsouth.net**

## CERTIFICATE OF SERVICE

I hereby certify that on the __6th__ day of __November__, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following: _____Keith Couture_____.

        */s/ Franz L. Zibilich*
        FRANZ L. ZIBILICH (14914)
        Attorney for Defendants
        MARTINY & ASSOCIATES, LLC
        131 Airline Drive - Suite 201
        Metairie, Louisiana 70001
        Telephone: (504) 834-7676
        Facsimile: (504) 834-5409
        E-Mail Address: fzibilich@bellsouth.net