UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK BAILEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0014** |
| **SHERIFF HARRY LEE, ET AL** | **SECTION "D"(4)** |

## MEMORANDUM IN SUPPORT OF
## THIRD MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

I. PRELIMINARY STATEMENT AND EXHIBITS SUBMITTED.

    In accordance with this Court's Order of November 21, 2007 (Doc. #53), defendants Lee and Jambon (the "JPSO defendants") have provided the plaintiff's counsel with all available[1] medical and other records concerning the plaintiff during his period of incarceration at the Jefferson Parish Correctional Center ("JPCC") and contracts for the provision of medical care to JPCC inmates during that period. Discovery requests have been satisfied and this case is now ripe for consideration of this third motion for summary judgment.

---

[1] Defendants wish to remind the Court that a great many such records, particularly those of Charity Hospital, were lost, destroyed or otherwise made unavailable as a result of Hurricane Katrina.

1

Defendants have previously submitted the plaintiff's deposition transcript (Exhibit D-1) and responses to discovery (Exhibit D-2), in support of their first motion for summary judgment. They have also submitted JPCC medical records of the plaintiff as Exhibit D-3, affidavits of Sheriff's deputies Stephen Killett and Calvin Leblanc as Exhibits D-4 and D-5, and the affidavit of Deputy Louis Ancar as Exhibit D-6, in support of their second motion for summary judgment.

Defendants now submit, in support of their third motion for summary judgment, the following: (1) a copy of all available records of the JPCC concerning the plaintiff's incarceration, as Exhibit D-7, *in globo* (36 pages) and (2) a copy of the contract for medical services at JPCC during that period as Exhibit D-8.

## II. STATEMENT OF THE CASE AND STANDARDS FOR GRANTING SUMMARY JUDGMENT.

Defendants hereby adopt the Statement of the Case and Standards For Granting Summary Judgment set forth in their Memorandum In Support of First Motion for Summary Judgment.

ARGUMENT

## III. UNDER STATE LAW, THE PARISH OF JEFFERSON IS RESPONSIBLE FOR PROVIDING JPCC INMATES WITH MEDICAL CARE BY CONTRACTING WITH A QUALIFIED HEALTH CARE PROVIDER.

La. Rev. Stat. 15: 703[2] entitled "Physician to be appointed for each parish; salary" requires the governing authority of each parish to appoint a physician or contract with a health care provider licensed by the state, to provide health care services to prisoners confined in parish jails. Section C provides that any action by a prisoner or his representative for damages or any other losses resulting from the actions or inactions of such a physician or health care provider

---

[2] As amended by Acts 2003, No. 681, § 1, eff. 6/27/03.

must be governed by the provisions of R.S. 40:1299.41, et seq. (the Medical Malpractice Act), and Section D specifically limits the liability of the parish governing authority in such an action, as follows:

> D. The sole responsibility of the governing authority of each parish which is mandated by the provisions of this Section with respect to providing health care services for prisoners shall be the appointment of a physician and the payment of the salary of that physician or its contractual obligations with a health care provider selected in accordance with this Section. The parish and its governing authority shall not be liable for any action arising as a result of the actions or inactions of the physician or health care provider, whether ex delicto or ex quasi delicto or ex contractu, by a prisoner or his representative to recover damages or any other losses, including those for the death of the prisoner, unless the governing authority exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by this Section, and such gross negligence or willful misconduct was a substantial factor in causing the injury.

Exhibit D-8, attached to this Memorandum, is a copy of the contract between the Parish of Jefferson and its Health Care Provider, Jefferson Community Correctional Center Medical Program, L.L.C., dated January 1, 2003. This is the contract which was in effect at the time of the incident which is the subject of this lawsuit. Under the terms of this contract, the Provider was engaged by the Parish to provide primary on-site health care services on the premises of the JPCC, and to operate a Medical Program meeting the accreditation standards of the National Commission on Correctional Health Care ("NCCHC"). Any other services, such as janitorial, security or transportation of inmates, were the responsibility of the Sheriff's Office (see page 6).

## IV. THE SHERIFF'S OFFICE AND ITS EMPLOYEES WERE NOT DIRECTLY INVOLVED IN THE PLAINTIFF'S MEDICAL CARE AND HAD NO CONTROL OVER MEDICAL CARE DECISIONS.

As shown by the affidavits and exhibits submitted earlier by the JPSO defendants, the only involvement of the Sheriff's Office deputies in the plaintiff's medical care consisted of

escorting him to the medical care unit at the prison for treatment, investigating his report of injury, and transporting him to and from Charity Hospital. They carried out all of these duties, including, as a part of the investigation, taking actions to remedy the condition which had apparently caused the floor in the shower area to be wet. See Exhibit D-6, Investigative Report and Affidavit of Deputy Ancar, attached to defendants' Second Motion for Summary Judgment.

The Sheriff, Warden and deputies had no control over the plaintiff's medical care itself, however, and no power to order Charity Hospital to admit an inmate for examination by a doctor. Therefore, the plaintiff's complaint of a 5-day delay before he was seen by a doctor is not, in any way, attributable to any action or inaction by employees of the Sheriff's Office.

V. THE RECORD EVIDENCE CONTRADICTS THE PLAINTIFF'S CLAIM THAT HIS SERIOUS MEDICAL NEEDS WERE TREATED WITH DELIBERATE INDIFFERENCE.

The JPSO defendants have now submitted all available JPCC records concerning the plaintiff's incarceration and medical treatment as Exhibit D-7 ( 36 pages). Exhibit D-7 includes the JPCC medical records previously submitted as Exhibit D-3. Both of these exhibits provide detailed accounts of the attention paid to Mr. Bailey's medical needs over a two-year period while he was an inmate. The entries provide documentation of extensive medical care received by Mr. Bailey over a two-year period as a JPCC inmate, including more than thirty physician sick calls, extensive medical treatment including psychological evaluations and orthopedic exams, and a long list of medications provided to Mr. Bailey over this period of time.

Defendants submit that this evidence abundantly refutes any suggestion that Mr. Bailey's serious medical needs were ignored or treated with callous disregard while he was an inmate at JPCC. Recent Fifth Circuit decisions have summarily rejected 8th Amendment claims by prisoners who received medical treatment but complained about inconsequential delays or

4

inadequacy of the medical care provided.  See, e.g., *Lentworth v Potter,* #06-10983 (5th Cir. 11/28/07) (unpub.), where the court commented, in affirming the district court's dismissal of the plaintiff's claim of prison officials' deliberate indifference to his serious medical needs as an inmate, "Lentworth received a considerable amount of medical treatment.  His complaints regarding the treatment he received and the delay attendant to such treatment do not establish deliberate indifference." Id. at p. 2, citing *Banuelos v McFarland,* 41 F. 3d 232, 235 (5th Cir. 1995); *Mendoza v Lynaugh, 989 F. 2d 191, 195* (5th Cir. 1993*)* and *Varnado v Lynaugh,* 920 F. 2d 320, 321 (5th Cir. 1991).

See also, *Richardson v Thornton,* #07-CV-1616 (W.D. La. 10/30/07), (Mag. J. Kirk, Report & Recommendations), at Section III, discussing a similar complaint by an inmate, regarding delays between the time he submitted a sick call request and the time he was seen by a nurse, and his complaint that the nurse would not prescribe him any pain medication.  The court noted that "[a] delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which *results in substantial harm."* (citing *Easter v Powell,* 467 F. 3d 459 (5th Cir. 2006) and *Mendoza v Lynaugh*, supra).

The court also found that the plaintiff's complaint that the defendants failed to provide him with pain medication was without merit.  The court stated, "The fact that a plaintiff does not believe his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care money can buy." Id. at pp. 9-10, citing *Mayweather v Foti,* 958 F. 2d 91 (5th Cir. 1992) and *Woodall v Foti,* 648 F. 2d 268, 272 (5th Cir. 1981).  See also, *Garrett v University of Tx Med.*

#07-40421 (5th Cir. 1/14/08) (Plaintiff did not show deliberate indifference or substantial harm resulting from two-day delay in diagnosing and treating him for a urinary tract infection.).

In this case, the record evidence shows that Mr. Bailey received considerable medical treatment as an inmate at the JPCC facility, both before and after his slip-and-fall accident, contrary to his allegations of prison officials' deliberate indifference to his serious medical needs. The JPSO defendants were not involved in the plaintiff's medical care itself, which was controlled by other parties, and the JPCC records submitted contain ample evidence that Mr. Bailey was, in fact, provided with medical treatment repeatedly, throughout his period of incarceration at that facility.

## VI. THE PLAINTIFF HAS FAILED TO MEET HIS BURDEN TO SHOW PROOF OF HIS CLAIM SUFFICIENT TO SURVIVE SUMMARY JUDGMENT.

As shown by the authorities cited in defendants' first memorandum in support of motion for summary judgment, it is incumbent upon the plaintiff to produce evidence showing material disputed facts in response to a motion for summary judgment, as to issues on which he will bear the burden of proof at trial. Under Fifth Circuit standards for summary judgment motions, defendants have met their burden by pointing to the plaintiff's lack of evidence to support the essential elements of his cause of action. Therefore, in the absence of such evidence, this plaintiff's claims must be dismissed.

## CONCLUSION

Plaintiff Bailey has produced no evidence to support an 8th or 14th Amendment claim against Sheriff Lee or Warden Jambon, for subjecting him to "cruel or unusual punishment" or violating his due process right to constitutionally adequate medical care. The record evidence

shows, to the contrary, that the JPCC facility run by Warden Jambon and Sheriff Lee does provide humane conditions of confinement. Basic medical care for inmates is not provided by the Sheriff's Office but by the Parish of Jefferson, under provisions of state law. The plaintiff has produced no factual evidence that any Sheriff's Office employee displayed deliberate indifference to his serious medical needs, or that there was an unconstitutional policy or practice in effect at the JPCC facility, which allegedly caused him injury.

The record also shows that these defendants were not personally involved in or responsible for the plaintiff's medical care. Therefore, they are entitled to judgment as a matter of law, dismissing the plaintiff's federal claims against them brought under 42 U.S.C. § 1983. Defendants, Sheriff Harry Lee and Warden Glen Jambon, respectfully urge this Court to grant their motion and dismiss the plaintiff's claims on summary judgment, with prejudice and at his cost.

**Respectfully submitted,**

   */s/ Franz L. Zibilich*
**DANIEL R. MARTINY (9012)**
**FRANZ L. ZIBILICH (14914)**
**Attorneys for Defendant, Sheriff Harry Lee and Glen Jambon**
**MARTINY & ASSOCIATES, LLC**
**131 Airline Drive - Suite 201**
**Metairie, Louisiana 70001**
**Telephone: (504) 834-7676**
**Facsimile: (504) 834-5409**
**E-Mail Address: fzibilich@bellsouth.net**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of May, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel.

                                        */s/ Franz L. Zibilich*
                                        FRANZ L. ZIBILICH (14914)
                                        Attorney for Defendants
                                        MARTINY & ASSOCIATES, LLC
                                        131 Airline Drive - Suite 201
                                        Metairie, Louisiana 70001
                                        Telephone: (504) 834-7676
                                        Facsimile: (504) 834-5409
                                        E-Mail Address: fzibilich@bellsouth.net